**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARIO SMITH,

    Petitioner,

v.                                                                  CASE NO. 8:07-CV-1146-T-30MSS

STATE OF FLORIDA,

    Respondent.
_____/

**O R D E R**

Petitioner, an inmate in the Florida penal system proceeding *pro se*,[1] initiated this cause of action by filing a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner challenges his 2003 conviction for lewd and lascivious battery entered by the Tenth Judicial Circuit Court, Polk County, Florida.

UPON consideration, the Court **ORDERS** that:

1.    Respondent shall have **SIXTY (60) DAYS** from the date of this Order within which to respond to the Petition for Writ of Habeas Corpus (hereinafter Petition), and to show cause why the Petition should not be granted. The response shall respond to the allegations of the Petition. In addition, it shall state whether Petitioner has exhausted his state

---

[1] Petitioner is cautioned that although you are appearing *pro se*, you are required to comply with the Local Rules of the Middle District of Florida, the Federal Rules of Civil Procedure, and the Rules Governing Section 2254 Cases (2005). Failure to do so could result in sanctions, including dismissal of your claims. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). A copy of the Local Rules may be obtained at no charge by mailing a letter to the Clerk's Office. Petitioner must also provide a self-addressed envelope with $4.20 postage affixed thereto. The Local Rules measure 8 ½" x 11" x ½". A copy of the Local Rules may be found in the institution's law library. They may also be found in Florida Rules of Court available from West Group, 620 Opperman Drive, St. Paul, Minnesota 55164.

remedies including any post-conviction remedies available to him under the statutes or procedural rules of the state and including also the right of appeal both from the judgment of conviction and from any adverse judgment or order in the post-conviction proceedings. If it is denied that Petitioner has exhausted his state remedies, the response shall contain in detail an explanation of which state remedies remain available to Petitioner.

The response shall also state whether an evidentiary hearing was accorded Petitioner in a court of the state at either the pre-trial or post-conviction stage. If such an evidentiary hearing was conducted, the response shall state whether a transcript of the proceedings is presently available and, if not, whether and approximately when it may be procured; or, if the transcript is neither available nor procurable, whether a narrative summary of the evidence is available or can be procured within a reasonable time. If the transcript or narrative summary is presently available, or is procurable within the time fixed for filing the Response, it shall be filed by Respondent with the response and the record of the pre-trial, trial, and/or post-conviction proceedings. Otherwise, the response and record shall be filed within that time and the transcript or narrative summary shall subsequently be procured by Respondent and filed.

If Petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the briefs on appeal and of the opinion of the appellate court, if any, shall also be filed by Respondent with the response. In addition, the response shall contain the citation(s) to the state court opinion(s) that is (are) reported.

Petitioner shall send to Respondent a copy of every further pleading, motion, or other paper submitted to be filed in this case and to be considered by the Court. After counsel has appeared for Respondent, any such copy shall be sent directly to counsel for Respondent, rather than to Respondent personally. Petitioner shall include with the original pleading or other paper that is submitted to be filed a certificate stating the date that an accurate copy of the pleading or other paper was mailed to Respondent or counsel for Respondent. If any pleading or other paper submitted to be filed and considered by the Court does not include a certificate of service upon Respondent or counsel for Respondent, it will be stricken from this case and disregarded by the Court. Petitioner shall advise the Court of his current mailing address at all times, especially if Petitioner is released from custody. Failure to do so may result in the dismissal of this action.

Both parties shall insure that all transcripts, briefs and other documentary exhibits accompanying any pleadings which they submit to the Court shall be individually marked for identification and a table of contents or index shall be included to aid the Court in location of such documentary exhibits.

If Respondent incorporates a motion to dismiss the Petition in the response, pro se Petitioner is advised out of an abundance of caution that the granting of this motion would result in the dismissal of this case.

If Respondent includes documents in support of a request to dismiss the Petition, the Court will construe the request to dismiss the Petition as a motion for summary judgment. In preparing a response, Petitioner should be aware of the provisions of Rule 56 of the

Federal Rules of Civil Procedure.

When a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in his pleadings to counter it. Pursuant to Rule 56, Federal Rules of Civil Procedure, the party opposing the motion must respond with counter sworn affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact in dispute. If the opposing party fails to respond to the motion or responds but the response does not comply with the requirements of Rule 56 as stated above, the Court may declare that the facts in the affidavits and/or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute. In that event, if the applicable law allows, the party or parties who filed the motion will be entitled to have the motion granted and final judgment entered in his/their favor based upon the pleadings, depositions, answers to interrogatories, and answers to admissions filed along with the affidavits. In that event there will be no evidentiary hearing and the case will be ended in this Court.

If Petitioner fails to file a response to the motion to dismiss or construed motion for summary judgment within **TWENTY (20) DAYS** after it is filed, the motion will be taken under advisement and an Order entered thereon without further notice.

2.	Petitioner may have **TWENTY (20) DAYS** to file a reply to the response to the petition. *See* Rule 5(e), Rules Governing Section 2254 Cases (2006).

3.	The **Clerk** of the Court is directed to send a copy of this Order, the Petition, and any memorandum and exhibits filed with the Petition, to Respondent, including the

Attorney General of the State of Florida. A copy of this Order shall also be served on the Petitioner.

    **DONE** and **ORDERED** in Tampa, Florida on January 28, 2008.

                                          JAMES S. MOODY, JR.
                                          UNITED STATES DISTRICT JUDGE

<u>Copy furnished to</u>:
*Pro Se* Petitioner

SA:sfc