**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARIO SMITH,

      Petitioner,

v.                                   CASE NO. 8:07-CV-1146-T-30EAJ

STATE OF FLORIDA,

      Respondent.

_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se,* initiated this action by filing a Petition for Writ of Habeas Corpus (hereinafter "petition") pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner is challenging a 2003 conviction for lewd and lascivious battery entered by the Tenth Judicial Circuit Court, Polk County, Florida. Respondent has filed a response to the petition (Dkt. 4). Petitioner has not filed a reply to the response.

The matter is now before the Court for consideration on the merits. An evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a) (2007).

## Background

Petitioner was charged by an Amended Information with lewd and lascivious battery on a child 12 years of age or older but less than 16 years of age (Dkt. 7, Ex. 16, Vol. I at 32-34). The case proceeded to trial, and the jury found Petitioner guilty as charged (Id. at 35).

On September 19, 2003, the trial court sentenced Petitioner to 104.85 months in prison as a habitual felony offender, followed by 5 years probation (Id. at 37-52).

Petitioner appealed his conviction, and on January 21, 2005, the appellate court affirmed the conviction *per curiam* (Dkt. 7, Ex. 5); *see Smith v. State*, 895 So. 2d 1077 (Fla. 2nd DCA 2005)[table].

On March 24, 2005, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (hereinafter "3.850 motion") (Dkt. 7, Ex. 7). Following an evidentiary hearing, on March 29, 2006, the state trial court issued a final order denying Petitioner's 3.850 motion (Dkt. 7, Ex. 11).[1] The appellate court affirmed the denial of the 3.850 motion on February 14, 2007 (Dkt. 7, Ex. 14); *see Smith v. State*, 949 so. 2d 208 (Fla. 2d DCA 2007)[table].

Petitioner signed the instant petition for federal habeas relief on June 21, 2007, raising two grounds for relief:

1.  Trial counsel was ineffective in failing to:

    a. investigate the case before trial;
    b. present witnesses at trial;
    c. take depositions of the State's witnesses;
    d. allow Petitioner to testify at trial;
    e. present favorable evidence at trial; and

2.  The police violated Petitioner's rights under the Fifth Amendment where they failed to read him his *Miranda*[2] rights prior to interrogating him, and they coerced him into making a statement.

---

[1]On April 7, 2005, the state trial court had denied Ground Nine of Petitioner's 3.850 motion (Dkt. 7, Ex. 8).

[2]*Miranda v. Arizona*, 384 U.S. 436 (1966).

**Standards of Review**

AEDPA Standard

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involve an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." *Id. Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

Ineffective Assistance of Counsel Standard

A Defendant has a Sixth Amendment right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). A lawyer is presumed to be competent to assist a Defendant and the burden is on the Defendant to demonstrate that his lawyer has been ineffective. *United States v. Cronic*, 466 U.S. 648, 658 (1984). A conviction will be vacated on ineffective assistance of counsel grounds if the Defendant can prove (1) that counsel's performance fell below an objective standard of reasonable professional assistance, and (2) the Defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A Defendant is required to prove both prongs of the

3

*Strickland* test and a failure to prove one will result in a rejection of the claim. *Id*. at 697.

"There is no reason for a court deciding an ineffective assistance claim … to address both components of the inquiry if the Defendant makes an insufficient showing on one." *Id*. Thus, if the Defendant fails to show that he is prejudiced by the alleged errors of counsel, this Court may reject the Defendant's claim without determining whether the counsel's performance was deficient. *See Coulter v. Herring*, 60 F.3d 1499, 1504 n.8 (11th Cir. 1995).

### Discussion

Since Petitioner's conviction was entered after AEDPA was enacted, his petition is subject to the provisions thereof. Because a state court initially considered the claims raised by Petitioner, § 2254(d) governs the review of his claims. *See Mobley v. Head*, 267 F.3d 1312, 1316 (11th Cir. 2001).

GROUND ONE

Initially, Ground One is subject to dismissal without consideration because Petitioner's ineffective assistance of counsel claims are wholly conclusory and unsupported by any specific facts. *See Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) ("Conclusory allegations of ineffective assistance are insufficient.") (citation omitted); *United States v. Jones*, 614 F.2d 80, 81-82(5th Cir. 1980) (district court justified in dismissing section 2255 movant's claims when movant presented only conclusory allegations to support claims).

Second, the Court agrees with Respondent that Petitioner's claims in Ground One, with the exception of Petitioner's claim that counsel was ineffective in failing to call certain

witnesses at trial, are procedurally barred.[3]

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State . . ." 28 U.S.C. 2254(b)(1)(A); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

Exhaustion of state court remedies generally requires a petitioner to pursue appellate review. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process, including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003)(citing *O'Sullivan*, 526 U.S. at 845).

Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003)(quotation omitted).

---

[3]See Dkt. 4 at pg. 6.

As stated above, a procedural default will only be excused in two narrow circumstances. First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. *Henderson v. Campbell*, 353 F.3d at 892. To show "prejudice," Petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Henderson v. Campbell*, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson v. Campbell*, 353 F.3d at 892. The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)

(explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon*, 523 U.S. at 559 (quoting *Schlup*, 513 U.S. at 324) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted).

The *Schlup* Court stated that the petitioner must show constitutional error coupled with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. *Schlup* 513 U.S. at 324. This fundamental miscarriage of justice exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F. 3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause)(footnote omitted).

Petitioner's ineffective assistance of counsel claims, with the exception of his claim that counsel was ineffective in failing to call certain witnesses at trial, are now procedurally barred due to Petitioner's failure to raise them on appeal from the denial of his Rule 3.850 motion for postconviction relief (Dkt. 7, Ex. 12). In his Initial Brief, Petitioner raised only two grounds: 1) counsel was ineffective in failing to file a motion to suppress Petitioner's

7

statements to law enforcement; and 2) counsel was ineffective in failing to call certain witnesses (Id.).

In an unpublished opinion, the Eleventh Circuit addressed this issue and differentiated between a state postconviction appeal following a summary denial and an appeal following a postconviction proceeding for which an evidentiary hearing was granted, as it was in Petitioner's case:

> Cortes's appeal did not follow an evidentiary hearing, and, therefore, he was not required to file an appellate brief. Furthermore, his decision to do so and to address only some of the issues does not waive the remaining issues raised in his Rule 3.850 motion. *See Webb v. State*, 757 So. 2d 608, 609 (Fla. Dist. Court. App. 2000). Therefore, Cortes did exhaust his state remedies prior to filing his § 2254 petition. In contrast, had Cortes received an evidentiary hearing, his failure to address issues in his appellate brief would constitute a waiver. (footnote omitted).

*Cortes v. Gladish*, 216 Fed. Appx. 897 (11th Cir. 2007) (emphasis added). The Eleventh Circuit correctly stated that in Florida, in non-summary proceedings, briefs are required and failure to include and argue any preserved issue in the initial brief acts as a waiver. *See Coolen v. State*, 696 So. 2d 738, 742 n. 2 (Fla. 1997) (stating that a failure to fully brief and argue points on appeal "constitutes a waiver of these claims") (quoted in *Simmons v. State*, 934 So. 2d 1100, 1111 (Fla. 2006)). *See also, Hall v. State*, 823 So. 2d 757, 763 (Fla. 2002) ("[A]n issue not raised in an initial brief is deemed abandoned and may not be raised for the first time in a reply brief.").

Florida Rule of Appellate Procedure 9.141(b)(2) provides that in appeals from the summary denial of a Rule 3.850 motion without an evidentiary hearing, "[n]o briefs or oral

argument shall be required, but any appellant's brief shall be filed within 15 days of the filing of the notice of appeal. The court may request a response from the appellee before ruling." Fla. R. App. P. 9.141(b)(2)(C). In contrast, in an appeal of a Rule 3.850 order after an evidentiary hearing, the movant is required to file an appellate brief, and the movant waives a claim if he does not include the claim in the brief with argument on the claim. *See, e.g., Shere v. State*, 742 So.2d 215, 224 n.6 (Fla. 1999)("In a heading in his brief, Shere asserts that the trial court erred by summarily denying nineteen of the twenty-three claims raised in his 3.850 motion. However, for most of these claims, Shere did not present any argument or allege on what grounds the trial court erred in denying these claims. We find that these claims are insufficiently presented for review."); *Duest v. Dugger*, 555 So. 2d 849 (Fla. 1990)("Duest also seeks to raise eleven other claims by simply referring to arguments presented in his motion for postconviction relief. The purpose of an appellate brief is to present arguments in support of the points on appeal. Merely making reference to arguments below without further elucidation does not suffice to preserve issues, and these claims are deemed to have been waived.").

Because Petitioner's postconviction appeal was from a Rule 3.850 order denying relief after an evidentiary hearing, he was required to file a brief on appeal of the denial of postconviction relief and to provide argument relative to each ground on appeal. *Reaves v. Crosby*, 837 So. 2d 396, 398 (Fla. 2003)(Other than one cursory sentence, there was no argument relative to a ground; ground was not properly before the state court where other than one cursory sentence, there was no argument relative to the claim). By choosing not to

brief four of the five ineffective assistance of counsel claims presented in the instant federal petition, i.e., all claims except the failure to present witnesses claim, Petitioner waived and defaulted those four claims. Furthermore, Petitioner has not alleged nor shown cause and prejudice to overcome the procedural bar. Nor has he shown that a manifest injustice will occur if the Court does not reach the merits of those claims.

Finally, as to Petitioner's claim that counsel was ineffective in failing to call certain witnesses on behalf of the defense at trial, his allegations in the petition are insufficient to support relief.[4]   "[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or an affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted). Hence, the "petitioner must first make a sufficient factual showing, substantiating the proposed witness testimony." *Percival v. Marshall*, No. C-93-20068 RPA, 1996 WL 107279 at *3 (N.D. Cal. March 7, 1996), *affirmed*, No. 96-15724, 1997 WL 31219 (9th Cir. January 23, 1997).  "Such evidence might be sworn affidavits or depositions from the potential witnesses stating to what they would have testified." *Id.* Petitioner has failed to present evidence of actual testimony or any affidavit from the witnesses. Therefore, Petitioner has not made the requisite factual showing.[5]

[4]The Court will assume the claim Petitioner raises in Ground One of the instant petition is the same claim he presented to the state court in Grounds 5 through 8 of his 3.850 motion (See Dkt. 7, Ex. 7).

[5]Petitioner failed to present the testimony of any of the alleged witnesses during the state evidentiary hearing on his Rule 3.850 motion (Dkt. 7, Ex. 10).

Moreover, applying *Strickland*, the state trial court denied relief finding that Petitioner

failed to establish either prong of *Strickland*. The state trial court reasoned that because

Petitioner failed to produce any of the witnesses at the evidentiary hearing, he had failed to

establish what any of the witnesses would have actually testified to at trial (Dkt. 7, Ex. 11 at

pg. 6). Furthermore, the state trial court found that the witness testimony proffered by

Petitioner in his 3.850 motion would have been inadmissable under Florida law (Id.).

Petitioner, therefore, has not demonstrated that counsel was deficient for not calling

these witnesses or that a reasonable probability exists that the outcome of the trial would

have been different had counsel called these witnesses. Accordingly, Petitioner's claim is

denied pursuant to 28 U.S.C. § 2254(d).

GROUND TWO

In Ground Two, Petitioner asserts his Fifth Amendment right against self-

incrimination was violated where Petitioner was never read his Miranda rights until after he

was interrogated by the police and made incriminating statements. He also alleges that his

statements were coerced.

The Court agrees with Respondent that Petitioner's claim is unexhausted and

procedurally barred because Petitioner did not specifically raise the claim at trial and on

direct appeal (Dkt. 7, Exs. 1, 3). In Florida, postconviction motions cannot be used as a

second appeal for issues that were or could have been raised on direct appeal. *Parker v. State*,

611 So. 2d 1224 (Fla. 1992). This Circuit has long recognized this aspect of Florida law. *See*

*Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir.)(claims that could have been or

11

should have been preserved at trial and then raised on direct appeal and were not are procedurally barred), *cert. denied*, 464 U.S. 922 (1983); *Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir.)(under Florida law, an issue which could have been raised on direct appeal may not be reviewed in a Rule 3.850 motion), *cert. denied*, 498 U.S. 832 (1990). Petitioner did raise in his 3.850 motion the claim that counsel was ineffective in failing to move to suppress Petitioner's statements (Dkt. 7, Ex. 7 at pgs. 15-25). In the instant federal habeas petition, however, Petitioner does not raise an ineffective assistance claim, but instead a substantive Fifth Amendment claim.

Because any Fifth Amendment claim is procedurally barred, the Court cannot hear the claim unless Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, *Wainwright v. Sykes*, 433 U.S. 72 (1977), or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).

Petitioner has not alleged nor shown cause for failing to raise, in state court, a constitutional Fifth Amendment claim in a timely manner at trial and on appeal. Petitioner does not meet the fundamental miscarriage of justice exception. His *Miranda* claim does not implicate actual innocence, nor does Petitioner offer any new evidence of innocence in his federal petition.

Accordingly, Ground Two is denied as procedurally barred.[6]

---

[6]To the extent Petitioner's claim could be construed as a claim of ineffective assistance of counsel in failing to move to suppress Petitioner's statements, the claim also fails on the merits. Petitioner does not show the state court decision resulted in an unreasonable application of clearly established federal law as determined by the

**Conclusion**

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463

---

Supreme Court (See Dkt. 7, Ex. 11 at pgs. 4-6).

U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on July 13, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*
            Counsel of Record